UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| QUINTUS TREVINO BRAZELTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 4:17-cv-00036 |
| | ) | REEVES/STEGER |
| COFFEE COUNTY, STEVEN GRAVES, DANNY THOMPSON, HEGWOOD, and ARP, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED** and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

**I.     FILING FEE**

It appears from the motion for leave to proceed *in forma pauperis* [*Id.*] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**.

Because Plaintiff is an inmate in the Northwest Correctional Complex ("NWCX"),[1] he will be **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the

---

[1] When Plaintiff filed his complaint, he was incarcerated at the Coffee County Jail [Doc. 1 p. 2]. The Court, however, takes judicial notice that, according to the felony offender information website for the Tennessee Department of Correction (https://apps.tn.gov/foil-app/search.jsp), Plaintiff is now incarcerated at NWCX. Accordingly, the Clerk will be **DIRECTED** to update

custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when the monthly income exceeds ten dollars ($10.00), until the filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §S 1914(a) and 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Memorandum and Order to the Warden of NCWX and the Attorney General for the State of Tennessee to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk will also be **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

## II. SCREENING STANDARD

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell*

---

Plaintiff's address and to send a copy of this memorandum opinion and the accompanying order to Plaintiff at NWCX.

2

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

### III.  ALLEGATIONS OF THE COMPLAINT

On March 31, 2017, Defendant Inmate Thompson assaulted Plaintiff [Doc. 1 p. 3]. When the assault occurred, Defendant Officer Arp "was tending to Chaplain Blanca as she conducted bible trivia" [*Id.* at 4]. Defendant Officer Arp did not immediately break up the assault, but rather "stood confused [as to] what to do with the assault taking place" and these "few moments of hesitation" resulted in Plaintiff's arm being sliced to the bone during the assault [*Id.*]. After those few moments of hesitation, however, Defendant Officer Arp and another individual broke up the fight [*Id.*]. Plaintiff was taken to the nurses' station and then sent to the hospital [Id.]. An officer took pictures of Plaintiff's injury and forwarded those pictures to Defendant Sergeant Hegwood for him to begin an investigation [*Id.*]. When Plaintiff was taken back to the jail, however, he was placed back on the same pod with Defendant Inmate Thompson [*Id.*]. On April 14, 2017, both

Plaintiff and Defendant Inmate Danny Thompson were taken to a discipline hearing for a write up, but Plaintiff never heard anything again and Defendant Inmate Danny Thompson was never punished [*Id.* at 5].

IV. **ANALYSIS**

A. **Coffee County**

First, Plaintiff has set forth no allegations as to Defendants Coffee County from which the Court can plausibly infer that its policy that caused any violation of Plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 691 (1978) (holding that a government can only be liable where its official policy causes the constitutional rights violation). Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Coffee County and it will be **DISMISSED**.

B. **Steven Graves**

Likewise, Plaintiff has not set forth any allegations as to Defendant Graves from which the Court can plausibly infer that he was personally involved in any violation of Plaintiff's constitutional rights, and liability under § 1983 cannot be premised on respondeat superior. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Graves and he will be **DISMISSED**.

### C. Danny Thompson

It is apparent from the complaint that Defendant Thompson was an inmate alongside Plaintiff at the time of the assault. Further, nothing in the complaint suggests that Defendant Thompson was exercising powers traditionally reserved to the state, that the state significantly encouraged or coerced Defendant Thompson, or that there was such a close relationship between the state and Defendant Thompson that his actions alleged in the complaint may be attributed to the state. *Tahfs v. Proctor*, 316 F.3d 584, 590–91 (6th Cir. 2003) (setting forth the relevant tests for whether a private party may be considered a state actor for purposes of §1983). As such, the complaint fails to state a claim upon which relief may be granted as to Defendant Thompson and he will be **DISMISSED**.

### D. Sergeant Hegwood

Moreover, Plaintiff's only allegation as to Defendant Hegwood is that an officer provided him with pictures for an investigation, but Plaintiff never heard anything back about the incident and Defendant Thompson was never punished. Liability under § 1983 cannot be premised on a supervisor's failure to act, however. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983). Further, to the extent that Plaintiff seeks prosecution of Defendant Thompson, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Hegwood and he will be **DISMISSED**.

### E. Officer Arp

Lastly, as to Defendant Arp, Plaintiff alleges that Defendant Arp was helping with bible trivia when the fight began and that Defendant Arp was confused and therefore hesitated for "a few moments" before intervening to end the fight. The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). An Eighth Amendment violation may occur when prison guards fail to protect one inmate from an attack by another inmate. *See Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990). "[N]ot all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment," however. *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).

To establish an Eighth Amendment claim that a prison official failed to protect an inmate, the inmate must show that the official was deliberately indifferent "to a substantial risk of serious harm" to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). "To demonstrate deliberate indifference, an inmate must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.' " *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 847).

The Sixth Circuit has held that where an officer provides an opportunity for attack and does nothing or stands idly by while an attack takes place without intervening, he violates the attacked prisoner's constitutional rights. *Carico v. Benton, Ireland, and Stovall*, 68 F. App's 632, 639 (6th Cir. 2003). Where an officer had no reason to anticipate a potential attack and only observed one act of physical violence before proactively intervening, however, the Sixth Circuit found that the

6

officer "'cannot be found liable under the Cruel and Unusual Punishment Clause.'" *Id.* (quoting *Farmer*, 511 U.S. at 845).

The complaint does not allow the Court to plausibly infer that Defendant Arp was deliberately indifferent to Plaintiff's safety by not immediately intervening in the fight. To the contrary, liberally construing the complaint in favor of Plaintiff, Defendant Arp was occupied with other activities when the fight began and failed to immediately intervene therein due to confusion. Nothing in the complaint suggests that this confusion was unreasonable and it is apparent that, after his few moments of confused hesitation, Defendant Arp intervened and broke up the fight. Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Arp.

V. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**;

2. The Clerk will be **DIRECTED** to update Plaintiff's address and to send a copy of this memorandum opinion and the accompanying order to Plaintiff at NWCX;

3. Plaintiff will be **ASSESSED** the civil filing fee;

4. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit payments towards the filing fee to the Clerk in the manner set forth above;

5. The Clerk will be **DIRECTED** to send a copy of this memorandum opinion and the order to the Order to the Warden of NWCX, the Attorney General for the State of Tennessee, and the Court's financial deputy;

6. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to all Defendants. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

_____
**UNITED STATES DISTRICT JUDGE**